UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD ROBERT THOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>    Defendant. | Case No. ED CV 14-1972 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Gerald Robert Thomas ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") did not properly develop the record, because he failed to order an ophthalmological consultative examination. (*See* Joint Stip. at 3-5, 7.) For the reasons discussed below, the Court finds that reversal is not warranted.

    A.    <u>Evidence Not Ambiguous or Inadequate</u>

Preliminarily, as a rule, an "ALJ's duty to develop the record further is triggered *only* when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th

Cir. 2001) (emphasis added). In particular, an ALJ has broad latitude in deciding whether to order a consultative examination. *See Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001).

Here, the ALJ ordered an internal medicine consultative evaluation by Dr. Sean To, who suggested that further assessment of Plaintiff's visual disturbances be "deferred to the appropriate specialist." (Administrative Record ("AR") at 251-52.) Plaintiff now contends that this suggestion triggered the ALJ's duty to order an ophthalmological evaluation. (Joint Stip. at 4.)

However, Plaintiff has identified no ambiguous evidence in the record. *See Mayes*, 276 F.3d at 459-60.

Moreover, the record already before the ALJ was sufficient. *See id.*; *Albrecht v. Astrue*, 2012 WL 3704798, at *13 (E.D. Cal. Aug. 27, 2012) ("a consultative examination regarding Plaintiff's physical impairments was not necessary... because the existing evidence was sufficient to support the ALJ's determination"). Notably, the ALJ's decision reviewed and discussed: (1) records related to Plaintiff's eye surgery; (2) an updated ophthalmological evaluation by Dr. Gregory C. Tesluk showing "an excellent result after corneal transplantation in each eye"; (3) medical progress and treatment notes related to Plaintiff's eye complaints; (4) observations, visual acuity testing, and discussion of Plaintiff's allegations of visual disturbances by Dr. To; (5) opinions of two State agency medical consultants concluding that Plaintiff could perform medium work with restrictions of avoiding constant fine print reading and working with small objects; (6) Plaintiff's testimony regarding his vision problems and treatment history; and (7) a vocational expert's testimony regarding jobs that a hypothetical person could perform with restrictions matching Plaintiff's visual limitations. (AR at 13-16, 25-29, 42-43, 53-54, 63-64, 213, 241-42, 247-49, 251, 255, 263-64, 267-271.)

///

B. <u>No Prejudice</u>

Additionally, Plaintiff's assertion that an ophthalmological specialist "*may* have come to a different conclusion" is too speculative to show that he was harmed by the lack of another consultative examination. (*See* Joint Stip. at 4 (emphasis added)); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless."); *Osborne v. Atrue*, 2012 WL 652041, at *7 (W.D. La. Jan. 26, 2012) ("Something more is required than a speculative assertion that other tests or testimony might have made a difference.")

Nor does Plaintiff point to any evidence that *could* have supported his contention. *See Ruiz v. Colvin*, 2014 WL 1654026, at *5 (C.D. Cal. Apr. 25, 2014) (claimant not prejudiced by any failure to develop record because she did not "plausibly identify any particular missing medical evidence which would document any additional medically determinable physical or mental impairment that was severe, much less one that was disabling").

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

DATED: 6-29-2015

Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication.  Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*

3